RINALDI & RINALDI
BY: ARTHUR J. RINALDI, ESQ.
Attorney I.D. No: 17933
2 West Olive Street
Scranton, PA 18508
Telephone: (570) 344-3244
Fax: (570) 344-1604

ATTORNEY FOR PLAINTIFFS'
MATTHEW SCHLEGEL and
JENNIFER SCHLEGEL, His Wife

FILED
SCRANTON

DEC 28 2011

Per _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW SCHLEGEL and | : | CIVIL ACTION |
| JENNIFER SCHLEGEL, His Wife, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 3:11-CV-02190 |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE | : | ASSIGNED TO |
| COMPANY, | : | JUDGE A. RICHARD CAPUTO |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |

### PLAINTIFFS' MEMORANDUM OF LAW
### IN OPPOSITION OF DEFENDANT'S MOTION TO
### DISMISS PLAINTIFFS' COMPLAINT

NOW COMES, the Plaintiffs by and through their attorney, Arthur J. Rinaldi, Esq., of the Law Firm of RINALDI & RINALDI and files the following Memorandum of Law In Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint and in support, states as follows:

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

Plaintiffs' Complaint was filed with the Court of Common Pleas for Susquehanna County, Pennsylvania on October 12, 2011 and docketed to Common Pleas No: 2011-1408

C.P. The Complaint was served on State Farm on October 24, 2011 at its principle place of business for Pennsylvania located at One State Farm Drive Concordville, Pennsylvania.

Through electronic filing, State Farm filed with this Court a Notice of Removal of Plaintiffs' action from the Court of Common Pleas for Susquehanna County to this Court on November 23, 2011.

Plaintiffs' filed their Motion to Remand Pursuant to 28 U.S.C. §1447 with this Court on December 14, 2011.

Defendant filed electronically, a Motion to Dismiss along with a Brief in Support on November 30, 2011.

Plaintiffs' filed their Answer to Defendant's Motion to Dismiss Plaintiffs' Complaint on December 19, 2011.

Plaintiffs' Complaint maintains that State Farm was required to provide UIM benefits to Plaintiffs under an automobile liability insurance policy. The Complaint alleges three causes of action which are, Breach of Contract (Count I), Bad Faith under the Unfair Trade Practices and Consumer Protection Act (Count II) and Bad Faith under 42 Pa. C.S.A. §8371 (Count III).

On December 20, 2007, the Plaintiffs were insured under an automobile liability policy with State Farm. By the terms of the insurance policy issued by State Farm, State Farm was to provide coverage for Plaintiffs in accordance with the Motor Vehicle Financial Responsibility Laws of the Commonwealth of Pennsylvania. The policy was in full force and effect December 20, 2007 the date that Jennifer Schlegel was injured due to a car collision

caused by tortfeasor, Doris Ferko, also, an insured with State Farm.

On December 20, 2007 the motor vehicle operated by Plaintiff Matthew Schlegel, was traveling in a northwesterly direction on Pa. State Route 6. At the intersection of Pa. State Route 6 and Maple Street, in the Borough of Dalton, Lackawanna County, Pennsylvania, the vehicle operated by the tortfeasor was carelessly, recklessly and negligently operated and controlled, that in tortfeasor's attempt to cross Pa. State Route 6 she collided with the Schlegel vehicle. As a result of this collision Jennifer Schlegel sustained serious personal injuries.

Plaintiff gave timely and reasonable notice to State Farm of her intention to proceed with an underinsured claim.

State Farm unreasonably delayed in adequately handling Plaintiffs' claim.

State Farm inadequately investigated Plaintiffs' underinsured motorists claim.

State Farm refused to pay on Plaintiffs' claim without conducting a reasonable investigation and made no attempt in good faith to effectuate prompt, fair and equitable settlement of the claim.

The actions of State Farm in this matter were an engagement in unfair methods of completion, unfair in deceptive acts or practices which are all improper conduct prohibited by the Pennsylvania Unfair Insurance Practices Act (40 Pa. C.S.A., Chapter 4, Section 1171.1 et seq. and the Pennsylvania Unfair Trade Practices and Consumer Protection Act.

Since State Farm intentionally acted in a willful and/or reckless indifference to

Plaintiffs, the Defendant's failure was a violation of the mandates of 42 Pa. C.S.A. §8371 regarding submission of any claims and acts or failure to act which constitute bad faith. These actions by State Farm have forced the Plaintiffs to incur attorney's fees and legal expenses.

## II. LEGAL STANDARD:

Although it is true that Rule 12 (b)(6) allows a test to the legal sufficiency of a complaint to dispense with needless discovery and fact finding, *Nertzke vs Williams*, 490 U.S. 319 (1989). A Plaintiff is entitled to relief where the complaint will be deemed to allege sufficient facts where it adequately "put the proper defendants on notice of the essential elements of plaintiffs cause of action." *AFSCME vs Bradley*, 795 F.2d 310 (3rd Cir. 1986)

The court must "accept as true the factual allegations in the complaint and all reasonable inferences, that can be drawn therefrom". *Markowitz vs Northeast Land Co.*, 906 F.2d 100 (3rd Cir. 1990), see *Holden vs City of Allentown*, 987 F.2d 188 (3rd Cir. 1993).

As held in *Evancho vs Fisher*, 423 F.3d 347 (3rd Cir. 2005), "When considering a Rule 12 (b)(6) motion, we are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the Plaintiff . . . . A Rule 12 (b)(6) motion should be granted 'if it appears to a certainty that no relief could be granted under any set of facts which could be proved' ."

### III. ARGUMENT:

#### A. Attorney Fees in Count I

In *Rice vs State Farm Fire & Cas. Ins. Co.*, 2010 U.S. Dist. Lexis 87625, (M.D. Pa. 2010) this court followed the hold in *Chatham Communications Inc. vs General Pres Corp.*, 344 A.2d 837 which stated the plaintiffs may not recover attorney fees based on plaintiff's breach of contract claim.

Plaintiff therefore concurs with Defendant's request to strike Plaintiffs' request for attorney fees stated in the ad adumnum clause in Plaintiffs' Count I for breach of contract.

#### B. Valid Claim Under the UIPA

Plaintiffs' Complaint Count II - Bad Faith as stated in the ad adumnum clause request a judgment against the Defendant under section 201-9.2 of the Unfair Trade Practices and Consumer Protection Act.

Plaintiffs' Complaint in numbered paragraphs 21 through 26 sets forth the unfair and/or deceptive practices statutorily prohibited under the Pennsylvania Unfair Insurance Practice Act (40 Pa. C.S.A., Chapter 4, Section 1171.1, et seq.) as a standard which the Defendant has failed to meet or comply with as a measure of bad faith.

The violation of any or all sections of the UIPA or other statutes can be held or used to show a violation of the UTPCPL. *Pekular vs Eich*, 513 A.2d 427 (Super. 1986); *D'Ambrosio vs Penna Nat. Mutual. Cas. Ins. Co.*, 431 A.2d 966.

### C. Valid Claim Under the UTPCPL

Under the UTPCPL section 201-9.2 states in relevant part:

"(a) any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss . . . as the result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages . . . the court may award to the Plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

As held by this court in *Rice vs State Farm Fire and Casualty Co., 2010 U.S. Dist. Lexis 87625 (M.D. Pa Aug. 25, 2010)* where a Plaintiff pleads beyond only failure to pay a contractual obligation through nonfeasance and allege the "question of the propriety of Defendants' behavior in performing their duty" than the pleadings are sufficient to defeat a Motion to Dismiss.

This court went on further to state:

"As Judge Kosik noted in *Zologa,* 'it is plausable to view these in the light most favorable to the plaintiff and conclude that the defendant misperformed its obligation to the plaintiff rather than failed to perform it.' Zaloga 671 F. Supp. 2d at 633. As such, we will deny State Farms - motion to dismiss Count I of the plaintiffs complaint."

Under the UTPCPL only failure to perform or the improper performance of a contractual obligation is actionable. *Horowitz vs Federal Kemper Life Assurance Co., 57 F.3d 300 (3d Cir. 1995)*. A mere refusal to pay constitutes nonfeasance which is the failure to perform a contractual obligation which is not actionable. *Gardner vs State Farm Fire & Cas. Ins. Co., 544 F.3d 553 (3d Cir. 2008)*.

Under a reading of the Complaint in total one can easily see that State Farms contention that the Complaint only alleges nonfeasance under the UTPCPL is incorrect. Plaintiffs' Complaint meets their obligation to plead through obvious and plain statements of their claims showing that Plaintiff is entitled to relief and has given the Defendant fair notice of their claim and the grounds for their claims.

Therefore, Plaintiffs have stated a cognizable cause of action under the UTPCPL in Count II of their Complaint.

### D. Valid Claim For Bad Faith

The law in the Commonwealth of Pennsylvania since the enactment of 42 Pa. C.S. §8371 has been consistent.

Only an insured under a policy of insurance can bring an action under section 8371. A person has been held to be considered an insured where that person is entitled to receive first party benefits under the automobile policy. _Connecticut Indem Co. vs Markman_, 1993 U.S. Dist. Lexis 10853 (ED Pa. 1993); _Empire Fire & Marine Ins. Co. vs Jones_, 739 F. Supp. 2d 746 (M.D. Pa. Aug. 19, 2010).

The Pennsylvania Superior Court in its decision in _Terletsky vs Prudential Prop. & Cas. Ins. Co._, 649 A.2d 680 (1994), held in relevant part, as follows:

> ". . ., to recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim."

The *Terlesky* court defined bad faith in the insurance context as follows:

> "Insurance. 'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For the purpose of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith."

The Pa Superior Court in its decision in <u>Romano vs Nationwide Mut. Fire Ins. Co.</u>, *646 A.2d 1228 (1994)* state in relevant part, as follows:

> ". . . an insurer must act with the 'utmost good faith' towards its insured . . . . this heightened duty is necessary because of the special relationship between an insurer and its insured . . . this insurer's duty of good faith therefore is contractual and arises because the insurance company assumes a fiduciary status by virtue of the policy's provisions . . . ."

The Romano court went on further to state:

> "The parameters of Section 8371 may also be discerned by reference to analogous Pennsylvania insurance law. Specifically, "when the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters . . . (5) . . . other statutes upon the same or similar subject." 1 Pa. C.S.A. §1921. Section 1171.5 of the UIPA defines unfair methods of competition and unfair or deceptive acts or practices in the business of insurance. Particularly, and as noted above, Section 1171.5 (a) (10)(vii) prohibits insurers from "compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons." 40 P.S. §1171.5 (a0(10)(vii). While the UIPA does not specifically refer to an insurer's "bad faith," the Supreme Court of Pennsylvania has utilized that term to describe conduct within the UIPA's reach.

> *See D'Ambrosio, supra.* Although the trial court lacks the requisite jurisdiction to impose sanctions under the various provisions of the UIPA and insurance regulations, we find that the rules of statutory construction permit a trial court to consider, either *sua sponte* or upon the request of a party, the alleged conduct constituting violations of the UIPA or the regulations in determining whether an insurer, like **Nationwide**, acted in "bad faith." See *MacFarland v. United States Fid. & Guar. Co., 818 F. Supp. 108 (E.D. Pa. 1993)* (holding that the alleged conduct constituting violations of the UIPA and the regulations can be considered in determining whether the insurer acted in bad faith under 42 Pa. C.S.A. §8371); *Rottmund v. Continental Assurance Co., 813 F. Supp. 1104 (E.D. Pa. 1992)* (holding that courts may look to other statutes upon the same or similar subjects to define bad faith under 42 Pa. C.S.A. §8371); *Coyne v. Allstate Ins. Co., 771 F. Supp. 673 (E.D. Pa. 1991)* (holding that provisions of the UIPA can be utilized to describe conduct constituting bad faith)."

Although it is true that in the Federal system, courts have held that conclusory allegations, devoid of factual support will not withstand a motion to dismiss. <u>Atiyek vs Nat's Fire Ins. Co. of Hartford</u>, 742 F. Supp. 2d 591 (E.D. Pa. 2010), but where there are general allegations of fact they are sufficient to withstand a motion to dismiss. <u>Taylor vs Gov't Employees Ins. Co.</u> 2010 U.S. Dist Lexis 39708 E.D. Pa. Apr. 21, 2010); <u>Rice vs State Farm Fire & Cas. Co.</u>, 2010 U.S. Dist. Lexis 87625 (M.D. Pa. Aug. 25, 2010).

Our matter is similar to that of <u>Rice vs State Farm Fire and Casualty Company, supra.</u> This court in its decision discussed the same issues alleged in the Defendant's motion to dismiss. A copy of <u>Rice</u> is attached hereto as Exhibit "A".

In <u>Rice</u> Defendant State Farm sought to dismiss Plaintiffs request for attorney fees in the ad dumnum clause of their breach of contract claim, bad faith claim under §42 Pa. C.S.

9

§8731 and a claim for violation of the Unfair Trade Practices and Consumer Protection Law (73 P.S. §201-1, et seq.) Based on the plaintiffs' complaint failing to state a claim upon which relief can be granted.

In *Rice* under III Standard of Review this court has clearly stated that at this stage of the case, when: "considering a Rule 12 (b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."

The court goes further stating:

> "Federal of Civil Procedure 8 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests. . . ."

In *Rice* under V Discussion A Count II - Bad Faith Claim this court clearly sets forth the standard for the pleading of such a claim.

This court stated:

". . . for the purpose of deciding a motion to dismiss, the court cannot look to the evidence that might prove or disprove the plaintiffs' case; instead, the court must decide 'whether a complaint states a plausible claim for relief . . .' Iqbal, 129 S.Ct. at 1950."

## IV. **CONCLUSION:**

For the reasons set forth above, Plaintiffs respectfully request that Defendant's Motion to Dismiss be denied and that this lawsuit proceed on Counts I - Breach of Contract, Count II - Bad Faith and Count III - Bad Faith (42 Pa. C.S.A. Section 8371).

Respectfully submitted:

_____
Arthur J. Rinaldi, Esq.
RINALDI & RINALDI
Attorney for Plaintiffs
2 West Olive Street
Scranton, PA 18508
(570) 344-3244

# EXHIBIT "A"

Case 3:11-cv-02190-MEM   Document 9   Filed 12/28/11   Page 13 of 20

Page 1 of 7

Switch Client | Preferences | Help | Sign Out

| My Lexis™ | Search | Get a Document | Shepard's® | More | History |
| --- | --- | --- | --- | --- | --- |
| | | | | | Alerts |

FOCUS™ Terms                                        Advanced... Get a Document          View Tutorial

Service: **Get by LEXSEE®**
Citation: **2010 u.s. dist. Lexis 87625**

*2010 U.S. Dist. LEXIS 87625, \**

JASON RICE and STEPHANIE RICE, Plaintiffs, v. STATE FARM FIRE AND CASUALTY COMPANY, t/d/b/a/ STATE FARM INSURANCE COMPANIES, Defendant.

Civil Action No. 4: 10-CV-1280

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

2010 U.S. Dist. LEXIS 87625

August 25, 2010, Decided
August 25, 2010, Filed

**CORE TERMS:** bad faith, nonfeasance, unfair, attorneys' fees, notice, deceptive acts, bad faith, engaging, insurer's, dwelling, contract action, failure to state a claim, failure to perform, cause of action, reasonable basis, removal, premium, property located, insurance coverage, insurance policy, contract claim, contractual duty, contractual obligation, legal conclusions, legal theory, entitled to relief, citations omitted, entitlement to relief, refusal to pay, clear and convincing evidence

**COUNSEL:** [\*1] For Jason Rice, Stephanie Rice, Plaintiffs: Joel M. Wiest, LEAD ATTORNEY, Sunbury, PA.

For State Farm Fire and Casualty Company, trading & doing business as State Farm Insurance Companies, Defendant: Lee E. Ullman, LEAD ATTORNEY, Forry, Ullman, Ullman & Forry, P.C., Reading, PA.

**JUDGES:** James F. McClure, Jr., United States District Judge.

**OPINION BY:** James F. McClure, Jr.

**OPINION**

**MEMORANDUM**

**I. BACKGROUND**

On April 30, 2010, the plaintiffs, Jason Rice and Stephanie Rice, filed a four-count complaint in

the Court of Common Pleas of Snyder County. (Rec. Doc. No. 1, Exhbt. A). As of the date of the filing of the complaint, plaintiffs resided in Selinsgrove, Snyder County, Pennsylvania. Id. at 1. The defendant named in the complaint is State Farm Fire and Casualty Company t/d/b/a State Farm Insurance Companies ("State Farm"), a company that does business in Pennsylvania but has a principal place of business in Bloomington, Illinois. Id. [1] This action was removed to the United States District Court for the Middle District of Pennsylvania upon the defendant's notice of removal, filed with this court on June 18, 2010. This court has proper jurisdiction based upon diversity of citizenship. [2]

**FOOTNOTES**

1 Defendant State Farm notes in the [*2] instant motion to dismiss that the caption for the case improperly refers to the defendant as "t/d/b/a State Farm Insurance Companies." (See Rec. Doc. No. 5 at 1). If the parties so agree, they may file a stipulation of counsel to amend the caption.

2 The instant matter was properly removed to this court pursuant to 28 U.S.C. § 1441(a), as this court has original jurisdiction, based upon diversity, pursuant to 28 U.S.C. § 1332(a)(1): the amount in controversy exceeds $75,000, and the parties involved are citizens of different states, as the plaintiffs are citizens of Pennsylvania, and the defendant is a citizen of Illinois. In addition, removal is appropriate as the defendant has filed notice of removal within thirty days of the date on which it received service of the complaint. See 28 U.S.C. § 1446(b).

In their complaint, plaintiffs seek to recover damages they say they incurred as a result of a fire at their home in Selinsgrove, Pennsylvania. Count I of the plaintiffs' complaint is a breach of contract claim, based upon a contract of insurance the plaintiffs claim they entered into with the defendant. (Rec. Doc. No. 1, Exhbt. A at 4-5). [3] Count II of the complaint is an action for [*3] bad faith in violation of 42 Pa.C.S. § 8731, et seq. Id. at 5-7. In Count III of the complaint, plaintiffs allege that State Farm "has acted in bad faith and breached its contractual and fiduciary duties owed to the Plaintiffs . . . ." Id. at 7-9. Finally, in Count IV, plaintiffs contend that the defendant violated the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, et seq., "by engaging in unfair or deceptive acts or practices . . . ." Id. at 9-10.

**FOOTNOTES**

3 Included in Count I of the plaintiffs' complaint is a request for damages that include, inter alia, "[s]ubstantial legal costs." Id. at 5.

## II. PROCEDURAL HISTORY

On June 25, 2010, defendant State Farm filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Rec. Doc. No. 4). With this motion, the defendant seeks to dismiss Counts II, III, and IV of the plaintiffs' complaint for failure to state a claim upon which relief can be granted. On July 9, 2010, State Farm filed a brief in support of its motion to dismiss. (Rec. Doc. No. 5). In addition to providing support for its contention that Counts II, III, and IV of the complaint should be dismissed, State Farm also argues that the [*4] plaintiffs' demand for attorneys' fees in Count I should be stricken, as plaintiffs are not entitled to such fees in a breach of contract action.

Plaintiffs did not file a brief in opposition within the time period as required by Middle District Local Rule 7.6. That rule states that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." Local Rule 7.6. However, as granting the motion at issue

Get a Document by Citation 2010 U.S. Dist. LEXIS 87625

Case 3:11-cv-02190-MEM Document 9 Filed 12/28/11 Page 15 of 20

Page 3 of 7

would dispose of a number of the plaintiffs' claims, we allowed the plaintiffs until August 9, 2010, in which to file an opposition brief to the defendant's motion to dismiss. (Rec. Doc. No. 8). As of the date of this order, the plaintiffs have yet to file any brief in opposition.

Now, in light of the following, we will grant the defendant's motion to dismiss to the extent that the defendant seeks the dismissal of Count III of the complaint and the plaintiffs' request for legal costs in Count I. We will deny the motion to the extent that the defendant seeks the dismissal of Count II and IV of the plaintiffs' complaint.

### III. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations [*5] stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). [*6] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, *4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L. Ed. 2d 929, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS 54882 at *4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest [*7] the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950, citing Fed. R. Civ. P. 8(a).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

### IV. ALLEGATIONS IN THE COMPLAINT

The material facts as contained in the complaint are as follows. Plaintiffs Jason Rice and Stephanie Rice were at all times relevant to the instant action the owners of a property located

Get a Document - by Citation - 2010 U.S. Dist. LEXIS 87625
Case 3:11-cv-02190-MEM Document 9 Filed 12/28/11 Page 16 of 20
Page 4 of 7

at 1253 North Old Trail, Selinsgrove, Snyder County, Pennsylvania. (Rec. Doc. No. **[*8]** 1, Exhbt. A at 2). At all times relevant to this suit, defendant State Farm provided Mr. and Mrs. Rice with insurance coverage for this property under Policy No. 78-PT-6539-2. This policy provided coverage for the dwelling located at 1253 North Old Trail, as well as the personal property located in the dwelling, and the plaintiffs paid a premium for such coverage. Id. at 3.

On or about September 19, 2009, a fire broke out in the plaintiffs' residence which caused fire, smoke, and water damage to the dwelling and the plaintiffs' personal property located in the dwelling. The Pennsylvania State Police Fire Marshall ruled the fire as undetermined. Id.

Since September 19, 2009, the plaintiffs have been displaced from their residence. Although plaintiffs have demanded payment for the losses they have incurred, defendant State Farm has failed to make any such payments. As a result of this failure, a Complaint in Mortgage Foreclosure was served upon the plaintiffs on April 27, 2010. Id. at 3. Plaintiffs claim that, "[d]espite [their] repeated demands and more than reasonable period for investigation, the Defendant has failed to confirm or deny Plaintiffs' claims relative to the above-referenced **[*9]** fire, to date." Id. at 4.

## V. DISCUSSION

### A. Count II - Bad Faith Claim

Pursuant to 42 Pa.C.S. § 8731, Pennsylvania's bad faith statute:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> >
> > (2) Award punitive damages against the insurer.
> >
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8731. As the defendant notes, there are two elements that must be made out by a plaintiff seeking recovery for the denial of insurance coverage under the bad faith statute. The Pennsylvania Superior Court, in the seminal case concerning § 8731, defined bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy" and stated that "such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." Terletsky v. Prudential Prop. & cas. Ins. Co., 437 Pa. Super. 108, 649 A.2d 680, 689 (Pa. Super. Ct. 1994) **[*10]** (quoting Black's Law Dictionary 139 (6th ed. 1990)). To succeed on a bad faith claim, "the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." Id. (citing American Franklin Life Insurance Company v. Galati, 776 F. Supp. 1054, 1064 (E.D.Pa. 1991)). In addition, a claim of bad faith must be proven by clear and convincing evidence; mere insinuation is not enough. Id.; see also Polselli v. Nationwide Mutual Fire Insurance Co., 126 F.3d 524, 528 (3d Cir. 1997).

We cannot agree with defendant State Farm that the plaintiffs have failed to properly allege a claim sounding in bad faith. In support of its motion to dismiss, State Farm contends that "Count II contains boilerplate allegations of bad faith and unsubstantiated conclusions of law." (Rec. Doc. No. 5 at 5). In addition, State Farm alleges that "[t]here is no evidence that State Farm acted in bad faith . . . ." Id. Of course, for the purposes of deciding a motion to dismiss, the court cannot look to the evidence that might prove or disprove the plaintiffs' case;

Get a Document - by Citation - 2010 U.S. Dist. LEXIS 87625   Page 5 of 7

Case 3:11-cv-02190-MEM   Document 9   Filed 12/28/11   Page 17 of 20

instead, the court **[*11]** must decide "whether a complaint states a plausible claim for relief . . . ." Iqbal, 129 S.Ct. at 1950. Here, we believe that plaintiffs have stated a plausible claim for relief under the bad faith statute. Plaintiffs have outlined a number of examples of how the defendant has violated § 8731, [4] and whether the plaintiffs will be able to prove such violations by clear and convincing evidence is a question that cannot be addressed by this court at the present time.

**FOOTNOTES**

4 For example, plaintiffs allege that State Farm "has unreasonably delayed, and continues to unreasonably delay," in paying plaintiffs for their loss; that there was and is no reasonable basis for such denial; and that State Farm has acted "with ill will, malicious intent and self-motive" in its handling of the plaintiffs' claims. (Rec. Doc. No. 1, Exhbt. A at 5-6). Plaintiffs similarly allege that State Farm engaged in unreasonable and bad faith investigative practices in handling the plaintiffs' claims; subjected Mr. and Mrs. Rice "to harassment, inconvenience and embarrassment"; and "intentionally, maliciously, fraudulently and recklessly engag[ed] in a course of conduct to deprive [them] of benefits . . . ." Id. at 7.

In **[*12]** light of the above, we will deny defendant State Farm's motion to dismiss Count II for failure to state a claim under Pennsylvania law.

**B. Count III - Breach of Duty of Good Faith and Fair Dealing Claim**

State Farm contends that Count III should be dismissed, as it appears to combine the plaintiffs' claims for breach of contract and bad faith that are contained in Counts I and II. Id. at 5-6. We agree with the defendant that Count III is redundant and unnecessary, especially in light of our denial of the defendant's motion to dismiss Count II of the plaintiffs' complaint.

Therefore, we will grant defendant State Farm's motion to dismiss Count III of the plaintiffs' complaint for failure to state a claim under Pennsylvania law.

**C. Count IV - Unfair Trade Practices and Consumer Protection Law Claim**

The UTPCPL prohibits the use of "unfair methods of competition" and unfair or deceptive acts or practices" involved in a transaction between the parties that constitutes "trade or commerce." See 73 P.S. § 201-3. A wide range of activities constitute "unfair or deceptive acts or practices." See 73 P.S. § 201-2(4)(I)-(xxi). Plaintiffs allege that the defendant violated the UTPCPL "by engaging in unfair **[*13]** or deceptive acts or practices in general," as well as:

> (a) By engaging in negligent, reckless and/or intentional conduct by failing to properly pay benefits they knew were due and owing;
>
> (b) By engaging in conduct causing the likelihood of confusion and/or misunderstanding regarding the payments of premiums and cancellation of the insurance policy; [and]
>
> (c) By failing to comply with terms of the policy and written warranties and guarantees in the policy.

(Rec. Doc. No. 1, Exhbt. A at 9). A private party can bring an action pursuant to § 201-9.2, which states, in pertinent part, that "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action . .

. ."

The plaintiffs do not specifically state which subsections of the UTPCPL they believe the defendant has violated. The defendant contends that the plaintiffs' UTPCPL claim should be dismissed as it only alleges nonfeasance on the part of the defendant, and simple [*14] nonfeasance cannot form the basis for an action under the UTPCPL. (Rec. Doc. No. 5 at 7) ("A fair reading of the Complaint leads to the inescapable conclusion that State Farm is being accused of nonfeasance — failing to pay Plaintiffs' insurance claim.").

The Court of Appeals for the Third Circuit has held "that '[i]n Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable.'" Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 564 (3d Cir. 2008) (quoting Horowitz v. Fed. Kemper Life Assur. Co., 57 F.3d 300, 307 (3d Cir. 1995)). We agree with the defendant that the plaintiffs allege that State Farm has not paid benefits allegedly owed under an insurance contract and that this "failure to perform a contractual duty" is typically considered to be nonfeasance. However, we believe that, at this stage of the litigation, the plaintiffs have sufficiently alleged that the defendant has gone beyond nonfeasance, alleging that State Farm has engaged in conduct it knew was improper and [*15] that would cause the likelihood of confusion or misunderstanding concerning, for example, premium payments. See, e.g., Zaloga v. Provident Life & Accident Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) (Kosik, J.) (denying the defendant insurance company's motion to dismiss the plaintiff's UTPCPL claim for alleging merely nonfeasance because "the facts alleged by [the plaintiff] go beyond black or white performance and inject the question of the propriety of Defendants' behavior in performing their duty"). In any event, we do not believe it prudent at this stage of the proceedings to dismiss the plaintiffs' UTPCPL claim. See Lites v. Great Am. Ins. Co., 2000 U.S. Dist. LEXIS 9036, *14 (E.D. Pa. June 23, 2000) (following an extensive review of the differences between the motion to dismiss and summary judgment standards in UTPCPL actions, the district court concluded that, though the defendant contended "that the entire complaint allege[d] nothing more than a mere failure to perform and not impropriety in fulfilling its contractual obligations [,] . . . [a] closer examination of the complaint reveal[ed] the contrary").

As Judge Kosik noted in Zaloga, "it is plausible to view [*16] these facts in the light most favorable to [the plaintiffs] and conclude that [the defendant] misperformed [its] obligation to [the plaintiff] rather than failed to perform it." Zaloga, 671 F. Supp. 2d at 633. As such, we will deny State Farm's motion to dismiss Count IV of the plaintiffs' complaint.

### D. Count I - Attorneys' Fees and Costs Demand

Finally, defendant State Farm asks that this court strike the plaintiffs' request in Count I of the complaint for "substantial legal costs." (Rec. Doc. No. 1, Exhbt. A at 4). A plaintiff may not recover attorneys' fees from the opposing party in an action "in the absence of express statutory allowance of the same, or clear agreement by the parties, or some other established exception." Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 301, 344 A.2d 837 (1975) (quoting Corace v. Balint, et al., 418 Pa. 262, 210 A.2d 882, 886-87 (Pa. 1965)) (internal citations omitted). Here, there is no express statutory basis for an award of attorneys' fees on plaintiffs' breach of contract claim, and the plaintiffs have not alleged an agreement between the parties or another established exception providing for such an award on this claim. Therefore, we will grant defendant [*17] State Farm's motion to strike the plaintiffs' request, in Count I of the complaint, for legal costs.

### VI. CONCLUSION

Based on the foregoing, we will grant defendant State Farm's motion to dismiss in part and deny it in part. To the extent that the defendant seeks the dismissal of Counts II and IV of the plaintiffs' complaint, the motion will be denied. In addition, we will grant the defendant's motion

to dismiss to the extent that the defendant seeks the dismissal of Count III of the complaint and to strike plaintiffs' request, in Count I, for legal costs based upon the breach of contract action. An appropriate order follows.

/s/ James F. McClure, Jr.

James F. McClure, Jr.

United States District Judge

**ORDER**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant State Farm's motion to dismiss Count III of the plaintiffs' complaint and to strike the plaintiffs' request, in Count I, for legal costs based upon the breach of contract action is **GRANTED**. (Rec. Doc. No. 4).

2. Defendant State Farm's motion to dismiss Counts II and IV of the plaintiffs' complaint is **DENIED**. (Rec. Doc. No. 4).

3. Defendant is directed to file an answer to Counts I, II and IV of **[*18]** the complaint on or before September 15, 2010.

/s/ James F. McClure, Jr.

James F. McClure, Jr.

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2010 u.s. dist. Lexis 87625**
View: Full
Date/Time: Monday, December 26, 2011 - 3:50 PM EST

About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2011 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

## CERTIFICATE OF SERVICE

I Arthur J. Rinaldi, Esq., do hereby certify that I served a true and correct copy of Plaintiffs' Memorandum of Law In Opposition of Defendant's Motion to Dismiss Plaintiffs' Complaint upon the following counsel of record for Defendant, addressed as follows:

> Lee E. Ullman, Esq.
> FORRY ULLMAN
> 540 Court Street
> P.O. Box 542
> Reading, PA 19603

by U.S. First Class Mail, postage prepaid on this __28th__ day of __December__, 2011.

Date: __12/28/11__

Arthur J. Rinaldi, Esq.
Attorney for Plaintiffs