**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW SCHLEGEL and JENNIFER SCHLEGEL, His Wife, | CIVIL ACTION NO. 3:11-CV-2190 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant State Farm's Motion to Dismiss Plaintiffs' Complaint (Doc. 4), and Plaintiffs' Motion to Remand (Doc. 6). Plaintiffs are seeking to compel underinsured motorist benefits pursuant to their contract with Defendant State Farm, their auto insurance provider. Plaintiffs further allege violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.,* and insurer bad faith pursuant to 42 Pa. C.S.A. § 8371. For the reasons below, the Court will deny Plaintiffs' Motion to Remand and grant Defendant's Motion to Dismiss. To the extent Defendant's Motion to Dismiss is based on a failure to state a claim, Plaintiffs will be given leave to amend their Complaint.

**BACKGROUND**

Plaintiffs allege the following in their Complaint. Plaintiff Matthew Schlegel and his wife, Plaintiff Jennifer Schlegel, insured their motor vehicle at all relevant times with Defendant State Farm. On December 20, 2007, while the Schlegels were traveling on Route 6 in Dalton, Pennsylvania, tortfeasor Doris Ferko, acting recklessly and without right of way, crossed in front of Plaintiffs' vehicle and caused an accident. As a result of this

accident, Plaintiff Jennifer Schlegel suffered serious injuries.

Ferko's vehicle was underinsured. As such, on January 11, 2011, the Schlegels initiated an Underinsured Motorist ("UIM") claim with their insurer, Defendant State Farm. State Farm has not yet paid any UIM benefits to the Plaintiffs.

Based on this failure to pay, the Schlegels filed the instant Complaint with the Court of Common Pleas of Susquehanna County, Pennsylvania on October 12, 2011. In their Complaint, the Schlegels bring claims under theories of: (1) breach of contract; (2) Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL"); and (3) insurer bad faith under pursuant to 42 Pa. C.S.A. § 8371. Defendant State Farm removed the action to this Court on November 23, 2011 and filed a Motion to Dismiss on November 30, 2011. Plaintiffs filed a Motion to Remand on December 14, 2011. Both of these Motions are now ripe for the Court's review.

## DISCUSSION

**I. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The

2

statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the

complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## II. Plaintiffs' Motion to Remand (Doc. 6)

Defendant State Farm removed this case from the Court of Common Pleas in Susquehanna County, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

### A.     Diversity of Citizenship

Plaintiffs first argue that "for the purposes of diversity jurisdiction State Farm has sufficient contact with the Commonwealth, that there is no diversity of citizenship as required under § 1332."  (Mot. to Remand at ¶ 11, Doc. 6).  This argument is based on State Farm's licence to transact business in the Commonwealth of Pennsylvania and that

Plaintiffs' Complaint was served on Defendant State Farm at their principal place of business for Pennsylvania. (*Id.* at ¶¶ 9-10). However, these factors are irrelevant for determining diversity of citizenship for corporations. Instead, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

State Farm is incorporated in Illinois, and has a principal place of business in Bloomington, Illinois. (Notice of Removal at ¶ 17, Doc. 1; Def.'s Resp. at ¶ 11, Doc. 7). State Farm is, therefore, a citizen solely of the State of Illinois. As the Schlegels are citizens of the State of Pennsylvania (Notice of Removal at ¶ 3, Doc. 1), it is clear that complete diversity of citizenship exists in this matter.

### B. Amount in Controversy

Plaintiffs further argue that the amount in controversy does not exceed seventy-five thousand dollars ($75,000). Their argument consists of a single averment that "the Plaintiffs for the purpose of a jury trial have plead the Commonwealth Statutory limit of in excess of $50,000. This *ad addendum* clause pleading does not reach the original jurisdiction of all civil actions where the matter in controversy is beyond the $75,000 limit."[1] (Mot. to Remand at ¶ 12, Doc. 6).

As noted above, the amount in controversy must exceed $75,000 exclusive of interests and costs. 28 U.S.C. § 1332. Where a case has been removed from state court,

---

[1] As this Motion was filed without a supporting brief in violation of Local Rule 7.5 ("Submission of Briefs Supporting Motions"), it is difficult from this singular statement to resolve the full thrust of Plaintiffs' argument. However, the Court construes this allegation to meant that Plaintiffs simply believe the amount in controversy does not exceed seventy-five thousand dollars ($75,000).

5

the amount in controversy analysis begins with a review of the complaint filed originally in the state court. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). A court then shall take the amount in controversy from the face of that complaint unless the defendant puts forth evidence of bad faith in the calculation of that amount. *Stewart v. Xrimz, LLC*, Civ. Act. No. 3:10-cv-2147, 2011 WL 5878381 at *2 (M.D. Pa. Nov 23, 2011) (Caputo, J.) (citing *Leslie v. BancTec Service Corp.*, 928 F.Supp. 341, 348 (S.D.N.Y.1996)). If the underlying facts pertaining to the jurisdictional amount are not so contested, "a federal court must decide whether it appears to a 'legal certainty' that the plaintiff is not entitled to recover an amount exceeding the jurisdictional requirement." *Chrin v. Ibrix, Inc.*, 293 Fed.Appx. 125, 127 (3d Cir. 2008) (citation omitted). Thus, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). Moreover, claims made against a single plaintiff can generally be consolidated for purposes of the amount in controversy, even if they are wholly unrelated. *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).

From these pleadings, the Court cannot say, to a legal certainty, that Plaintiffs could not recover more than the statutory amount of $75,000. Count I of Plaintiffs' Complaint seeks for breach of contract "an amount in excess of Fifty Thousand ($50,000.00) Dollars . . . in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law." (Compl. at 7, Doc. 1-1). Count II additionally seeks in excess of $50,000 under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, including treble

damages, under 73 P.S. § 201-1, *et seq.* And, Count III seeks another $50,000 under Pennsylvania's Bad Faith insurance statute, 42 Pa. C.S.A. § 8371. Section 8371 allows for punitive damages, which Plaintiffs are further seeking, and which are considered part of the amount in controversy. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). Therefore, from the face of the Schlegels' Complaint and in the absence of allegations of bad faith, the Court cannot say with legal certainty that Plaintiffs could not recover more than the statutory minimum for diversity jurisdiction, and holds that the amount in controversy is satisfied. Plaintiffs' Motion to Remand will be denied.

**III. Defendant's Motions to Dismiss (Doc. 4)**

**A.     Attorney Fees in Count I**

Count I of the Schlegels' Complaint is a breach of contract claim for UIM benefits which also seeks attorneys' fees. Defendant argues that this claim for fees is improper as they are not recoverable in a breach of contract action. *See Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 300 (Pa. 1975) (finding "there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance"). Plaintiffs concur with Defendant's determination, and the Court will dismiss Plaintiffs' request for attorneys' fees in Count I.

**B.     Failure to State a Claim Under the Unfair Insurance Practices Act**

In Count II of their Complaint, the Schlegels seek to recover for State Farm's improper failure to provide UIM benefits under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL"). The UTPCPL allows private actions by "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss . . . to

recover actual damages . . . ." 73 P.S. § 201-9.2.

In Count II, the Schlegels additionally argue that Defendant State Farm violated Pennsylvania's Unfair Insurance Practice Act, 40 Pa. C.S.A. § 1171.1 *et seq.* ("UIPA"). Defendant correctly argues that there is no private cause of action under the UIPA, as it can only be enforced by the State Insurance Commissioner. *See Leach v. Northwestern Mut. Ins. Co.*, 262 Fed. Appx. 455, 459 (3d Cir. 2008) (citing *D'Ambrosio v. Penn. Nat'l Mut. Cas. Ins. Co.*, 494 Pa. 501, 431 A.2d 966, 970 (Pa. 1981)). Since Courts have no authority to determine UIPA claims, private actions must be dismissed insofar as they rely on the UIPA. *Lites v. Great Am. Ins. Co.*, No. Civ.A. 00–CV–525, 2000 WL 875698 at *6 (E.D. Pa. June 23, 2000).

The Schlegels retort that their reliance on the UIPA is only a predicate for their claims under the UTPCPL. Specifically, they argue that a "violation of any or all sections of the UIPA or other statutes can be held or used to show a violation of the UTPCPL." (Mot. at 5, Doc. 9). In support of this, Plaintiffs cite *Pekular v. Eich*, which held that the UIPA did not *preclude* the UTPCPL as it was not "the sole and exclusive deterrent to alleged unfair or deceptive acts of insurers and their agents." 355 Pa. Super. 276, 290 (Pa. Super. Ct. 1986). Thus, it is clear that "factual allegations falling within the purview of the UIPA are not precluded from supporting a private allegation of a UTPCPL violation." *Lites*, 2000 WL 875698 at *6. However, while it may be true that UIPA and UTPCPL can be coextensive in their purview, a violation of the UIPA does not automatically trigger a violation of the UTPCPL and it is therefore irrelevant to such an analysis. *See e.g. Abrams v. Toyota Motor Credit Corp.*, No. CONTROL 071049, 2001 WL 1807357 at *8 (Pa. Com. Pl. Dec. 5, 2001) (finding that a UIPA violation did not *per se* trigger a violation of the UTPCPL in the absence

8

of express provision).  While a Court should not therefore dismiss allegations premised upon the UIPA that are "fairly inferred . . . to assert a violation of the UTPCPL," *Lites*, 2000 WL 875698 at *7, the Court will strike the portions of Plaintiffs' Complaint that are solely relevant to the UIPA.  As such, the Court will strike paragraph 25 of Plaintiffs' Complaint for containing nothing more than a recitation of sections of the UIPA, and paragraph 28 as it incorrectly declares that a violation of the UIPA is a *per se* violation of the UTPCPL.

Defendant further argues, however, that Plaintiffs have only made conclusory allegations as to the UTPCPL which are insufficient to withstand the pleading standards. In their Complaint, the Schlegels claim that State Farm engaged in unfair or deceptive acts or practices by "engag[ing] in improper conduct which has created a likelihood of confusion or of misunderstanding."  (Compl. at ¶ 26, Doc. 1-1 (citing 73 P.S. § 201-2(4)(xii))).[2]  This, Plaintiffs aver, is based on State Farm's "failure to settle Plaintiffs' underinsured motorist claim in a prompt, fair and equitable fashion."  (*Id.* at ¶ 27).  To the extent that no such specific conduct is alleged, the Court agrees that this is a conclusory allegation insufficient to support a cause of action.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  Here, it is not possible to derive from the Complaint what exactly State Farm did that was delayed or inequitable.

Moreover, the UTPCPL requires malfeasance in order to support a cause of action, and "and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure

---

[2]Plaintiffs' Complaint actually states that State Farm's alleged conduct is a violation of Section 201-2(4)(XVII).  (Compl. at ¶ 26, Doc. 1-1).  However, this section refers to sales of goods and services over the telephone and the Court believes this was in error.

to perform a contractual duty, is not actionable." *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008) (quoting *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995)). Conversely, allegations that "go beyond black or white performance and inject the question of the propriety of Defendant['s] behavior in performing their duty" can survive a motion to dismiss. *Zaloga v. Provident Life & Accident Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009).

State Farm argues that the Complaint alleges only nonfeasance in protesting State Farm's failure to pay Plaintiffs' UIM claim. The Court disagrees. Plaintiffs appear to allege misfeasance in stating that State Farm "unreasonably delayed" its response to the claim, "inadequately investigated" the claim, "failed to make a reasonable offer of settlement," and "recklessly disregarded its lack of reasonable basis in evaluating Plaintiffs' claim." (Compl. at ¶¶ 21-24, Doc. 1-1). However, while these are allegations of malfeasance, they are still mere conclusions with no surrounding facts to indicate exactly how State Farm acted to cause those violations.

As the Court finds Plaintiffs have failed to state a valid claim in Count II, the Court will dismiss Plaintiffs' UTPCPL claim. Of course, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Furthermore, Federal Rule of Civil Procedure 15(a) directs the Court to "freely give leave when justice so requires." This principle applies equally in situations where a Plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if a plaintiff does not submit such an amended pleading. *Phillips*, 515 F.3d at 245. Therefore, the Court will afford Plaintiffs an opportunity to amend their

UTPCPL claim.

### C. Claim Under Pennsylvania's Bad Faith Statute

Count III of the Schlegels' Complaint brings a claim for bad faith pursuant to 42 Pa. C.S.A. § 8371. That section provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S.A. § 8371. "Bad faith" is a term of art referring to "the duty of good faith and fair dealing in the parties' contract and the manner by which an insurer discharged its obligations of defense and indemnification in the third-party claim context or its obligation to pay for a loss in the first party claim context." *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 41 (Pa. 2007). To recover under the statute, "the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Property & Casualty Ins. Co.*, 437 Pa. Super. 108, 125 (Pa. Super. Ct. 1994).

Plaintiffs' bad faith claim is predicated solely on allegations that: (1) State Farm failed to act promptly when the claims arose; (2) did not conduct a reasonable investigation; (3) failed to affirm or deny coverage within a reasonable time; (4) refused to pay claims; (5) declined to provide reasonable explanations for these actions; and (6) compelled the

11

Plaintiffs to ultimately bring this action. (Compl. at ¶ 31, Doc. 1-1). Additionally, Plaintiffs aver that State Farm did not "attempt in good faith to effectuate prompt, fair and equitable settlements of claims." (*Id.*). These are conclusory allegations without facts to lend credence to the claim that Defendant State Farm in fact acted unreasonably and in bad faith. As noted, a claim must be "plausible on its face," which requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570, 556). Here, the allegations are mere recitations of the bad faith statutory requirements which are devoid of any facts tending to support those conclusions.

Instead, these averments are akin to those put forth in *Atiyeh v. National Fire Insurance Company.* 742 F. Supp. 2d 591 (E.D. Pa. 2010). There, it was alleged that the defendant had:

> (1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (3) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis.

*Id.* at 599. From those uncorroborated allegations, *Atiyeh* found "no factual support from which I can conclude that defendant's actions in investigating and evaluating plaintiff's claim were unreasonable." *Id.* at 600.

The same result must be had in this case. As in *Atiyeh*, Plaintiffs' allegations are legal conclusions that Defendant State Farm has generally acted unreasonably and without good faith. Yet, there are no facts in the Complaint to indicate what State Farm specifically did to lead to those conclusions, or specific claims to make these accusations plausible on

their face. Therefore, the Court will dismiss Plaintiff's Count III of the Complaint for failure to state a claim, though Plaintiff will also be given an opportunity to amend their bad faith claim.

## **CONCLUSION**

For the reasons above, the Court will deny Plaintiffs' Motion to Remand and Grant Defendant's Motion to Dismiss. Attorney fees will be stricken from Count I, and paragraphs 25 and 28 will be stricken from Count II as impermissible claims under Pennsylvania's Unfair Insurance Practice Act, 40 Pa. C.S.A. § 1171.1 *et seq.* However, to the extent Plaintiffs have failed to state a claim in Counts II and III, Plaintiffs will be given leave to amend. An appropriate Order follows.

| | |
|---|---|
| February 10, 2012 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |