**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MATTHEW SCHLEGEL and JENNIFER
SCHLEGEL, His Wife,

      Plaintiffs,

          v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

CIVIL ACTION NO. 3:11-CV-2190

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss of Plaintiffs' Amended Complaint. (Doc. 13.) Plaintiffs are seeking to compel underinsured motorist benefits pursuant to their contract with Defendant State Farm, their auto insurance provider. Plaintiffs further allege violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.,* and insurer bad faith pursuant to 42 Pa. C.S.A. § 8371. In a previous Memorandum and Order, I dismissed the two statutory claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Today, the Defendant renews its position that the Plaintiffs have failed to state a proper claim on these two statutory claims. However, because the Complaint has been amended to contain a sufficient allegation as to improper document requests, all three claims will be allowed to proceed.

## BACKGROUND

Plaintiffs allege the following in their Amended Complaint. (Doc. 12.) Plaintiff Matthew Schlegel and his wife, Plaintiff Jennifer Schlegel, insured their motor vehicle at all relevant times with Defendant State Farm. On December 20, 2007, while the Schlegels

were traveling on Route 6 in Dalton, Pennsylvania, tortfeasor Doris Ferko, acting recklessly and without right of way, crossed in front of Plaintiffs' vehicle and caused an accident.  As a result of this accident, Plaintiff Jennifer Schlegel suffered serious injuries.

Ferko's vehicle was underinsured.  As such, on January 11, 2011, the Schlegels lodged an Underinsured Motorist ("UIM") claim with their insurer, Defendant State Farm. State Farm has not yet paid any UIM benefits to the Plaintiffs.

Based on this failure to pay, the Schlegels filed their initial Complaint with the Court of Common Pleas of Susquehanna County, Pennsylvania on October 12, 2011. Defendant State Farm removed the action to this Court on November 23, 2011 and filed a Motion to Dismiss on November 30, 2011.  I granted this motion to dismiss, finding, in pertinent part, that the Schlegels had made only conclusory claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL") and Pennsylvania's bad faith insurance statute, 42 Pa. C.S.A. § 8371.   However, leave to amend was allowed on both causes of action.

The Schlegels filed their Amended Complaint on February 22, 2012 and State Farm again moved to dismiss on March 7, 2012.  In the Amended Complaint, the Schlegels include the same three claims as before: (1) a breach of contract claim for UIM benefits; (2) a claim under the UTPCPL; and (3) a statutory bad faith claim.  This Motion to Dismiss is now fully briefed and is ripe for the Court's review.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint,

in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible

3

on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## II. Analysis

### A.    Failure to State a Claim Under the Pennsylvania's Unfair Trade Practices and Consumer Protection Law

In Count II of their Complaint, the Schlegels seek to recover for State Farm's improper failure to provide UIM benefits under Pennsylvania's Unfair Trade Practices and

4

Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL").  The UTPCPL allows private actions by "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss . . . to recover actual damages . . . ." 73 P.S. § 201-9.2.  In particular, the Schlegels argue that State Farm breached this provision by "[e]ngaging in . . . fraudulent or deceptive conduct which create[d] a likelihood of confusion or of misunderstanding."  *Id.* at § 202-2(4)(xxi).

The Schlegels have added new factual averments to their previously conclusory claim.  They now allege that they formally requested UIM benefits from State Farm in November of 2009 and that such coverage was eventually denied in November of 2010 as State Farm was apparently "unable to place a value on the claim even though Defendant had sufficient documents and records to do an evaluation." (Am. Compl. at ¶ 23, Doc. 12.) In particular, the Amended Complaint alleges that "[e]ven though Defendant had all relevant medical reports, documents and records, Defendant used the frivolous excuse not to evaluate Plaintiff's claim that the Defendant was waiting for its insured, the Plainitiff, to give Defendant documents it already had in its possession."  (*Id.* at ¶ 25.)  The Schlegels also state that State Farm was apparently waiting for the Schlegels to provide a "Uninsured/Underinsured Affidavit of Coverage, even though Defendant's internal insurance documents showed the Plaintiffs fully covered." (*Id.* at ¶ 26.)  In essence, the Schlegels have made a specific assertion that State Farm made improper document requests in order to delay and ultimately deny their UIM benefits.[1]

---

[1] In its Brief in Support, State Farm contests the legitimacy of this claim.  As State Farm was also the insurer of the alleged tortfeasor, it admits that it may have had in its possession some of the requested documents.  However, State Farm explains that "[t]he third party liability claim and the UIM claim are completely separate and distinct claims and are not handled by the same claim representatives or even the same claim departments."  (Doc. 16 at 7.)  While perhaps true, such outside facts are not properly considered

As noted in my previous order, the UTPCPL requires malfeasance in order to support a cause of action, "and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008) (quoting *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995)). In *Zaloga v. Provident Life & Acccident Insurance Company of America,* 671 F. Supp. 2d 623, 632-33 (M.D. Pa. 2009), the Honorable Judge Kosik concluded that malfeasance could exist where an insurance company reevaluated a claim under an incorrect standard as a pretext to terminate benefits. This, Judge Kosik opined, went "beyond black or white performance and inject[ed] the question of the propriety of Defendants' behavior in performing their duty." *Id.* at 633. Specifically, it was possible to "conclude that Defendants misperformed their obligation to Defendant rather than failed to perform it." *Id.*

To the extent the Schlegels argue that State Farm "improperly and fraudulently investigated Plaintiff's claim," "recklessly disregarded its lack of reasonable basis in evaluating Plaintiff's claim," or acted with "bad faith and with dishonest motive" (Am. Compl. at ¶¶ 26, 29, 31), the Amended Complaint offers no support for such allegations and they will be excised from this action. Conversely, the Schlegels' assertion that State Farm was improperly seeking redundant documents is sufficient to allow this claim to survive. Viewing the allegations of the Amended Complaint in the most favorable light possible, one could conclude that State Farm did not merely delay in proceeding on the UIM benefits, but actively "misperformed" in improperly delaying and ultimately denying UIM benefits. Of course, whether requesting these additional documents was truly an "improper performance

at this stage and I will limit my analysis to the allegations of the Amended Complaint.

6

of a contractual obligation" is a question for further factual development and may be renewed at the summary judgment stage. *Horowitz*, *supra*, 57 F.3d at 307.

### B.  Claim Under Pennsylvania's Bad Faith Statute

Count III of the Schlegels' Complaint makes a claim for bad faith pursuant to 42 Pa. C.S.A. § 8371.  Section 8371 allows an insured party to receive damages and other relief if the insurer acted in bad faith toward the insured party, and specifically provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
>> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>>
>> (2) Award punitive damages against the insurer.
>>
>> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S.A. § 8371.  "Bad faith" is a term of art referring to "the duty of good faith and fair dealing in the parties' contract and the manner by which an insurer discharged its obligations of defense and indemnification in the third-party claim context or its obligation to pay for a loss in the first party claim context."  *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 41 (Pa. 2007).  To recover under the statute, "the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim."  *Terletsky v. Prudential Property & Casualty Ins. Co.*, 437 Pa. Super. 108, 125 (Pa. Super. Ct. 1994). A plaintiff may also successfully make a claim as to a bad faith in an insurer's investigative practices, *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.3d 901, 906 (Pa.Super.1999), such as a "lack of a good faith investigation into facts, and failure to communicate with the

claimant," *Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa.Super. 545, 646 A.2d 1228, 1232 (Pa.Super.1994) (citing 3 Appleman, *Insurance Law & Practice* § 1612 (1967 & Supp.1991)).

The assertions of bad faith in the Amended Complaint are substantially the same as those in the original.  They charge State Farm with, *inter alia*, lacking a "reasonable basis for the denial of Plaintiff's claim," "recklessly disregarding and stalling Plaintiff's claim," and with a "frivolous and unfounded refusal to pay proceeds of the policy."  (Am. Compl. at ¶ 36.)  As explained in my February 10, 2012 Memorandum, these are conclusory allegations which require additional "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570, 556).  Aside from the particularized assertions pertaining to unreasonable document requests analyzed in the above section, these supposed instances of bad faith are without factual support or plausibility.  *See Sypeck v. State Farm Mut. Auto. Ins. Co.*, 3:12-CV-324, 2012 WL 2239730, at *3 (M.D. Pa. June 15, 2012) (Caputo, J.) (disallowing a statutory bad faith claim on "conclusory allegations using boilerplate language").  Therefore, as under the UTPCPL, I will dismiss Plaintiffs' bad faith claim to the extent that it relies on assertions other than the allegedly unwarranted document requests.

## CONCLUSION

Plaintiffs' Amended Complaint has been fortified with the additional assertion that State Farm made unnecessary document requests in order to improperly delay and ultimately deny the payment of UIM benefits.  As such, Plaintiffs' claims under Pennsylvania's bad faith statute and the UTPCPL will be allowed to proceed solely as to this

8

one particular theory.  However, the two statutory claims made out at Counts II and III of the

Amended Complaint will be dismissed in all other regards.  An appropriate Order follows.


 July 13, 2012                                                     /s/ A. Richard Caputo            
Date                                                               A. Richard Caputo
                                                                   United States District Judge